IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carlos Scott, | Case No. 5:07 CV 1027 |
|     Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Michelle Eberlin, | |
|     Respondent. | |

## BACKGROUND

*Pro se* Petitioner Carlos Scott (Scott) filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody and has alleged his detention violates the Sixth Amendment of the U.S. Constitution.

The case was referred to United States Magistrate Judge Greg White for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court dismiss the Petition (Doc. No. 12).

This action is before the Court on Petitioner's Objection (Doc. No. 13) and Supplement to the Objection (Doc. No. 14). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

## DISCUSSION

### Facts and Procedural Background

Petitioner did not object to the procedural history in the Recommendation. The Recommendation accurately reports the factual background and the state court proceedings, and the Court adopts them in their entirety.

### Statute of Limitations

The Magistrate found the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) expired before Petitioner filed his Writ, and recommended the Petition be dismissed as time barred. Petitioner argues the statute of limitations should be tolled because the trial court, on March 7, 2006, heard several of his claims for post conviction relief pursuant to Ohio Revised Code § 2953.23.

The Magistrate correctly held the statute of limitations for Petitioner's Writ expired on February 13, 2005. Petitioner did not request post conviction relief until December 16, 2005, ten months after the statute of limitations expired. Because Petitioner's request for post conviction relief occurred after the statute of limitations had already expired, it does not toll the one year limitation. Petitioner's Writ is procedurally barred.

## CONCLUSION

After conducting a *de novo* review of the portions of the Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted. Petitioner's Writ is barred by the statute of limitations, and the Petition (Doc. No. 1) is dismissed. Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 7, 2008